IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| VICTORIA LEE FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-5070-SSA-CV-SW-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Victoria Lee Fields seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Security Administration under Title II.

The parties' briefs are fully submitted, and an oral argument was held on November 8, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

Plaintiff was born in 1968 and was 37 years of age at the time of her alleged onset of disability. Plaintiff has a GED and past relevant work in various factory positions. Plaintiff filed her application for disability benefits on April 11, 2006, alleging an onset of disability on August 20, 2005. Plaintiff's application was denied, and a hearing was held on April 22, 2009, before an Administrative Law Judge (ALJ). The ALJ found plaintiff not disabled under the Act in her opinion of July 29, 2009. The Appeals Council denied plaintiff's request for review.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here the ALJ found that plaintiff met the insured status requirement of the Social Security Act through December 31, 2011, and that plaintiff had not engaged in substantial gainful activity since August 20, 2005, the alleged onset date. The ALJ determined that plaintiff had the following severe impairments: adhesive capsulitis of the right shoulder and chronic back pain. The ALJ determined that plaintiff's medically determinable mental impairment of depression and mental retardation did not cause more than minimal limitation in her ability to perform basic mental work activities, and therefore, were nonsevere. The ALJ found that plaintiff did not have

2

an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with plaintiff's determined residual functional capacity (RFC). The ALJ determined that plaintiff had an RFC to perform sedentary work, except she would not be able to crouch or climb, could occasionally kneel and crawl, must avoid cold temperatures and hazards, and would not be able to perform work with her right arm when it is fully stretched in any direction or perform overhead work. The ALJ determined, based on the testimony of the vocational expert (VE), that plaintiff was unable to perform any past relevant work at the medium exertional level, but had the residual functional capacity to perform sedentary work which exists in significant numbers in the national economy. The ALJ found plaintiff has not been under disability, as defined in the Social Security Act, from August 20, 2005, through July 29, 2009.

Plaintiff alleges the ALJ erred in (1) failing to include any limitations resulting from plaintiff's depression and anxiety in the RFC; (2) improperly evaluating the medical opinions of record; (3) failing to include limitations from Dr. William Clayton, M.D., on whose opinion the ALJ relied; (4) failing to satisfy burden to establish the existence of alternative work plaintiff could perform despite her impairments and resulting limitations; and (5) finding plaintiff's allegations not fully credible.

At the hearing, the plaintiff, while incorporating the allegations in her brief, focused her arguments on the ALJ's error in acknowledging vision problems, but then failing to incorporate eye problems into the RFC, and failure to include the limitation of the consulting doctor on which the ALJ relied, precluding repetitive work with left arm. The plaintiff notes that two of the three jobs cited by the ALJ as available to plaintiff, require near acute visual acuity, and all jobs require frequent reaching and handling. Plaintiff additionally argues that the ALJ's reliance on plaintiff's ability to fill out forms, as indicative of mental and physical capability, was improper.

The Commissioner argues that the ALJ's reliance on ability to fill out forms was proper because an opinion of a psychologist had stated that plaintiff could not fill out forms. The Commissioner argues that the record does not support the psychologist's determination that plaintiff suffered from mental retardation. The Commissioner notes that plaintiff had previously held a position as an inspector doing quality control, which does not support the mental impairments cited by the psychologist. Further argued is that it was harmless error for the ALJ to not find plaintiff's limited mental functioning was a severe impairment, because the RFC included jobs that only require limited mental functioning. The Commissioner argued that while the ALJ's opinion may not be written to the best of potential, it is supported by substantial evidence in the record.

Upon review of the record, this Court finds that the ALJ's opinion erred in not properly considering plaintiff's mental and physical impairments in determining plaintiff's RFC. Plaintiff's visual impairment, as well her mental impairment, should have been incorporated into the ALJ's RFC and hypothetical question posed to the VE. There is substantial evidence in the record supporting that plaintiff suffers from some mental deficiency and a visual deficiency.

Although plaintiff's limitations with the use of her right arm were properly included in the ALJ's RFC, it is not clear whether such limitations would preclude her from doing the sedentary work cited by the VE as available to plaintiff and existing in significant numbers in the national economy. The Government bears the burden of showing that plaintiff, even though she can't do her past relevant work, can perform "other work" that exists in significant numbers in the national economy. See Brown v. Shalala, 15 F.3d 97, 99 (8th Cir. 1994); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). Typically, the ALJ may satisfy this burden through the testimony of a vocations expert. See 20 C.F.R. § 404.1566. Here, two of the three jobs cited by the VE, by definition (Dictionary of Occupational Titles (DOT)), require bilateral use of extremities. It appears that the testimony of the VE did not sufficiently consider the limitations set forth in plaintiff's RFC and/or consider the DOT requirements for the jobs cited as available to plaintiff. There is not substantial evidence to support that plaintiff could do this alternative work despite her impairments.

The Court also notes that plaintiff's visual deficiency, which should have been considered in plaintiff's RFC, would likely preclude two of the three of the jobs cited by the ALJ as available to plaintiff in significant numbers. These jobs include within their DOT definition a requirement of visual acuity.

For the above stated reasons, this Court finds that there is not substantial evidence to support the ALJ's determination of plaintiff's RFC that there are jobs which plaintiff can perform and that such jobs exist in significant numbers in the national economy. The record must be further developed in order to determine whether plaintiff is disabled as defined by the Social Security Act. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Accordingly,

IT IS ORDERED that, pursuant to Sentence 4 of 42 U.S.C. § 405(g), final judgment be entered reversing the decision of the Commissioner and remanding the case to the Commissioner for further consideration and development of the record.

Dated this 1st day of December, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge